Quandre COUNCIL, Individually,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 17-12146
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(December 4, 2017)

Joaquin E. Padilla, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Petitioner-Appellant

Carol Herman, Jason Wu, Assistant U.S. Attorney, Emily M. Smachetti, U.S. Attorney Service—Southern District of Florida, U.S. Attorney's Office, Miami, FL, Sivashree Sundaram, U.S. Attorney's Office, Fort Lauderdale, FL, for Respondent-Appellee

Before TJOFLAT, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Quandre Council, a federal prisoner serving a 96-month sentence for Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his initial motion and on appeal, Mr. Council argues that his conviction for Hobbs Act robbery does not constitute a crime of violence for purposes of 18 U.S.C. § 924(c) after *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and because it does not categorically qualify as a crime of violence under the "use of force" clause.

I

In denying Mr. Council's § 2255 motion, the district court held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s "use-of-force" clause, but found that the (residual) "risk-of-force" clause of § 924(c) was unconstitutionally vague in light of *Johnson*. Thereafter, Mr. Council requested and was granted a certificate of appealability on "whether a conviction for Hobbs Act robbery categorically qualifies as a 'crime of violence' under § 924(c)'s 'use-of-force' clause in light of *Johnson*."

II

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We can affirm for any reason supported by the record, even if not relied upon by the district court. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

III

The Supreme Court invalidated the "residual clause" of the Armed Career Criminal Act, 28 U.S.C. § 924(e), in *Johnson*, but made clear that its decision did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S.Ct. at 2563.

A separate provision requires additional penalties for a defendant who uses a firearm during a violent felony or a drug trafficking crime. *See* § 924(c). This provi-

sion defines a "crime of violence" as an offense that is a felony and:

   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). The "risk-of-force clause," Section 924(c)(3)(B), uses language similar to that found in § 924(e)'s now-unconstitutional residual clause, and that forms the basis for Mr. Council's argument. Unfortunately for Mr. Council, we recently held in *Ovalles v. United States*, 861 F.3d 1257, 1267 (11th Cir. 2017), that § 924(c)'s "risk-of-force" (i.e., residual) clause is not unconstitutionally vague. In making our assessment, we noted "material textual differences" between the clauses. *See id.* at 1263. We also explained that § 924(c) "is not concerned with recidivism, but rather with whether the instant firearm was used during and in relation to the predicate crime of violence." *Id.* at 1265. Because of the close nexus needed between a firearm offense and a predicate crime, a § 924(c) residual clause "crime of violence determination [is] more precise and more predictable" than a residual clause determination under § 924(e). We thus held that textual and application differences between § 924(c) and § 924(e) allow § 924(c)'s "risk-of-force" clause to withstand attack under *Johnson. Id.* at 1266.

### IV

Given our decision in *Ovalles*, Mr. Council's sentence is affirmed.

**AFFIRMED.**